BOWLES, Price Administrator, Office of Price Administration of United States, v. ROCKS et al.

Civ. A. No. 4133.

District Court, W. D. Pennsylvania.

May 25, 1945.

654

John A. Metz, Jr., District Enforcement Atty. Pittsburgh District Office, William S. Doty, Chief Attorney Pittsburgh Defense-Rental Area, and Robert B. Greer, Rent Enforcement Atty., Pittsburgh District Office, all of Pittsburgh, Pa., for plaintiff.

Anthony Cavalcante, of Uniontown, Pa., for defendants.

GIBSON, District Judge.

And now, May 25, 1945, after hearing, and pursuant to oral stipulation at the hearing upon motion for preliminary injunction that the case shall be treated as though upon final hearing, from the record and oral admissions of counsel at the hearing, the court finds the facts as follows:

1. The tenants, Fred Bergman and Lulu Bergman, have regularly paid the rent to which the landlord, Thomas A. Rocks, is entitled, and have tendered all rent owing, as it fell due, to wit, $2.36 rent from March 23 to March 25, 1945, and $40 rent from March 25 to April 25, 1945, and $1.34 rent from April 25 to April 26, 1945, which tender has been refused by Thomas A. Rocks, landlord. Said tenants were willing at any time to pay said rent to said landlord as soon as he complied with section 7 (b) of the Rent Regulation for Housing, and tendered a receipt for the same.

2. Under date of December 21, 1944, defendant Thomas A. Rocks served upon the tenants, Fred and Lulu Bergman, a written notice to vacate the premises by March 24, 1945, stating as his only reason that he had sold the property to one David Marasco. A copy thereof was sent to the Area Rent Office.

3. Under date of December 30, 1944, the Area Rent Office replied, explaining that the notice was defective under the Rent Regulation for Housing, for the reason that a Certificate Relating to Eviction is required where property is purchased for residence purposes after October 20, 1942, and enclosing therewith forms of petition and required affidavits, and full instructions. A copy of the said acknowledgment was sent to the tenants.

4. On March 2, 1945, defendant Thomas A. Rocks duly filed proper petition and affidavits, as required by the Rent Regulation for Housing, and under date of March 19, 1945, certificate was granted, as required by section 6 (b) (2) of the Rent Regulation for Housing, permitting said Thomas A. Rocks to pursue his remedies under local law for eviction of said tenants for the purpose of occupancy by David Marasco at the expiration of three months from March 2, 1945, the date of filing the petition.

5. With no notice whatsoever of any kind, either to the tenants or to the Area Rent Office, defendant Thomas A. Rocks on or about April 1, 1945, caused a judgment

by confession in eviction to be entered against said tenants, in the Court of Common Pleas of Fayette County, Pennsylvania, at No. 236 March Term, 1945, based exclusively on the grounds of expiration of the term, and nonpayment of $2.36 rent, which amount had been tendered and refused, plus $.24 attorney's commission for collection thereof, and hence entered judgment not only for possession, but for said $2.60, including tendered rent and attorney's commission. Said judgment was entered March 30, 1945.

6. Concurrently, and with no notice to the Area Rent Office of the commencement of the action, said Thomas A. Rocks caused execution to be issued thereon at No. 5 March Term, 1945, E. D., and placed in the hands of defendant Jacob N. Echard, Sheriff of Fayette County, Pennsylvania, pursuant to which execution said Sheriff levied upon the goods of said tenants, for said $2.60 plus costs, and threatened to advertise and to sell the same, and to proceed with the eviction under said writ.

From said Findings of Fact, and as constituting the grounds of its action, the Court makes the following Conclusions of Law:

1. The notice of December 21, 1944, purporting to require the tenants to vacate the premises by March 24, 1945, for the reason that defendant Thomas A. Rocks had sold the property to David Marasco, was unlawful and void under Section 6 (a) (6) of the Rent Regulation for Housing, since a certificate relating to eviction was required, to be granted under proper petition to the Area Rent Office, as to property acquired after October 19, 1942.

2. The certificate relating to eviction, granted on petition of said Thomas A. Rocks filed March 2, 1945, was required by law under section 6 (b) (2) of the Rent Regulation for Housing to be limited to authorizing pursuit of local remedies at the expiration of three months after the date of filing the petition, and was in all respects proper and lawful, including the three months' waiting period, expiring June 2, 1945, which waiting period was binding on said Thomas A. Rocks as to any action seeking possession of the property as a residence for the purchaser.

3. The action of defendant Thomas A. Rocks in attempting to evict the said tenants for occupancy by the purchaser, David Marasco, prior to the expiration of the three months' waiting period required by the certificate relating to eviction, and by section 6 (b) (2) of the Rent Regulation for Housing was in violation of law.

4. The entry of the judgment by confession on the ground of expiration of the term of the lease was in violation of section 6 (a) of the Rent Regulation for Housing, forbidding evictions, by confession of judgment or otherwise, based on the mere ground of expiration of the term of a lease.

5. The entry of said judgment by confession based upon alleged nonpayment of $2.36 rent which it was admitted at the hearing had previously been tendered to the landlord and refused was unlawful.

6. Said judgment by confession is void on its face for failure to show of record compliance with the condition precedent to its validity of the giving of the preliminary notice to the tenant and to the Area Rent Office required by section 6 (d) (1) of the Rent Regulation for Housing, stating an intention to bring an eviction action, and stating the ground under section 6 of the Regulation under which possession would be sought.

7. Said judgment by confession is unlawful because of the failure of the plaintiff to give the preliminary notice required by section 6 (d) (1) of the Rent Regulation for Housing.

8. Said judgment by confession is unlawful on account of the violation by defendant Thomas A. Rocks of the requirement of section 6 (d) (2) of the Rent Regulation for Housing that at the time of commencing any action to remove or evict a tenant, including an action based upon nonpayment of rent, the landlord shall give written notice thereof to the Area Rent Office stating the title of the case, the number of the case where that is possible, the court in which it is filed, the name and address of the tenant, and the ground under section 6 of the Regulation on which removal or eviction is sought.

9. The issuance of the execution based upon said void judgment was unlawful.

10. The defendants, their officers, deputies, agents, servants, employees, attorneys, and all persons in active concert or participation with defendants, should be enjoined from further proceedings upon said execution upon said void judgment, or upon

656

any other execution based upon said judgment.

11. The defendants, their officers, deputies, agents, servants, employees, attorneys, and all persons in active concert or participation with defendants, should be enjoined from further interference with the goods, chattels, and other possessions of Fred and Lulu Bergman, by court process or otherwise, in violation of the Emergency Price Control Act of 1942, as amended and supplemented, 50 U.S.C.A.Appendix § 901 et seq., or in violation of the Rent Regulation for Housing, or in violation of any regulation or order adopted pursuant to said Act of Congress.

12. Defendant, Thomas A. Rocks, should be required forthwith to move the Court of Common Pleas of Fayette County, Pennsylvania, to strike from the record, at his costs, the unlawful and void judgment at No. 236 March Term, 1945.

13. Defendant, Thomas A. Rocks, should be required to pay the costs of this case.

The Office of Price Administration, through its local representatives, moved for a preliminary injunction upon Thomas A. Rocks, vendor of a certain house, to restrain him from proceeding with a writ of habere facias possessionem issued by the Court of Common Pleas of Fayette County, Pennsylvania. The Sheriff, Jacob H. Echard, who had served the writ, was also included in the complaint as a defendant. Upon hearing upon application for the preliminary injunction it was agreed by the parties that the matter should be finally heard.

The Findings of Fact and Conclusions of Law, supra, set forth the essentials upon which the action was brought. They disclose a premature attempt of the defendant Rocks to evict the occupants of the property in dispute, as the certificate required by Section 6 (2b)i was filed on March 2, 1945, and the Regulation requires a delay of three months between the date of the certificate and eviction proceedings in the state court.

The action, in so far as it affects the occupants of the dwelling who were under the protection of the Price Administrator, has become partially moot since the hearing, as they have delivered possession to the defendant Thomas A. Rocks. However, the costs of the habere facias possessionem writ have been assessed against them. Let a decree be presented by which the defendant Thomas A. Rocks is ordered, in substance, to discontinue the proceeding in the Court of Common Pleas and pay the costs thereof, and to pay the costs of the proceeding in this court.